IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ROY LEE CLEMMENTS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:11cv232 |
| SHERIFF BURNETT, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Roy Clemments, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Clemments complained of a conviction which he had received for driving while intoxicated. He stated that Van Zandt County Judge Rhita Koches read the "non-indictment" and told him that she did not care what it said, she was going to try him in her court, and if he did not show up, she would put him in jail. He asserted that there was a "conspiracy" between the judge, the sheriff's department, and the bondsman to send him to prison.

Clemments stated that Sheriff Burnett's men lied under oath to get a conviction and that the jury believed that "if you wore a badge, then it's true." He again said that Judge Koches told him that she did not care what the grand jury did and that she was going to try him in her court regardless, and he was found guilty. Based on this conviction, Clemments says, he received another conviction in Hunt County. Clemments also said that bondsman Paul Nicklas changed the papers to show that the offense was a misdemeanor and not a felony, so that "they can say that it did not go to the grand jury which it did, and I was not indicted, and it did not say sent back for a lesser charge."

As a result of this, Clemments says that he received a four-year sentence from Hunt County, for which he is still on parole. He seeks monetary damages of $10,000,000.00 for false imprisonment.

In attachments to his pleadings, Clemments explained that the grand jury declined to indict him, but Judge Koches said that she did not care, she was going to try him anyway. He also has a letter from the county coordinator saying that Clemments' requests for copies of the grand jury proceedings had been received, but the case was a misdemeanor which was prosecuted on an information and not by the grand jury, so there is no transcript of grand jury proceedings. Other information provided by Clemments shows that he was found guilty of driving while intoxicated on August 9, 2007, receiving a sentence of one year in jail, and that the case had been originally charged as felony driving while intoxicated (third or more) but was later refiled as a misdemeanor (second offense).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because Clemments was seeking monetary damages for a conviction which is still valid. The Magistrate Judge cited Heck v. Humphrey, 114 S.Ct. 2364 (1994) as stating that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, the plaintiff must show that the conviction has been reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas corpus writ. The Magistrate Judge observed that Clemments' pleadings made clear that a judgment in his favor would necessarily affect the fact or legality of his conviction, inasmuch as he argues that the sheriff's deputies lied under oath to get a conviction and the county judge disregarded the grand jury's actions to try him in her court.

The Magistrate Judge also noted that the Heck rule applies whether or not Clemments is still in custody under the Van Zandt County sentence, citing Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). In that case, the Fifth Circuit held that a civil rights challenge which implicated a conviction was barred by Heck even if the plaintiff was no longer in custody under that conviction, and so the lawsuit could not proceed until the Heck conditions were satisfied. Similarly, the

Magistrate Judge said, even if Clemments is no longer in custody under the Van Zandt County conviction, his complaint directly attacks the validity of the conviction, and so he must meet the Heck preconditions before his civil rights lawsuit can proceed. The Magistrate Judge therefore recommended that the complaint be dismissed until such time as these preconditions have been met.

Clemments filed objections to the Magistrate Judge's Report on June 15, 2011. In his objections, Clemments first asserts that once a charge goes to the grand jury for a felony charge, and the grand jury declines to indict, that charge cannot be changed, even by the State of Texas. He also says that he is still on parole, and so he is still "in custody." Clemments specifically says that his conviction and imprisonment were unconstitutional because Van Zandt County is not above the law. Clemments then goes on to complain that "the United States Courts do not believe in upholding your constitutional rights," and that justice should be "for everyone, not just the ones that can pay for it," and says that the Hon. William Wayne Justice, a former judge of the Eastern District of Texas, was "for justice" and "would not let any county bend the law for any way they want to get a conviction."

Clemments' objections thus acknowledge that his complaint implicates the validity of his conviction. He specifically says that his conviction and imprisonment were unconstitutional, and complains about a "change" in the charge after the grand jury declined to indict him. Consequently, as the Magistrate Judge correctly determined, Clemments cannot sue for monetary damages until he shows that the conviction about which he complains has been expunged, set aside, or otherwise declared invalid. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice until such time as the Heck conditions are met - in order words, until such time as Clemments shows that the Van Zandt County conviction at issue in this case has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. The dismissal of this lawsuit shall not prevent Clemments from seeking to comply with the Heck conditions through any lawful means, including but not limited to the seeking of executive clemency or the pursuit of habeas corpus relief in state or federal court. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 29th day of June, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**